

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2005

# In Re: Georges

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3423

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Georges " (2005). *2005 Decisions.* Paper 879.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/879

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3423

IN RE: JEAN D. GEORGES,

Debtor

GEORGE A. GEORGES,

Appellant

v.

JEAN D. GEORGES

BARRY SOLODKY, ESQ.,

Trustee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 03-cv-06893)
District Court Judge: The Honorable Clarence C. Newcomer

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2005

Before: SCIRICA, <u>Chief Judge</u>, and ALITO and GARTH, <u>Circuit Judges</u>

(Opinion Filed: July 8, 2005)

PER CURIAM:

Relying on 11 U.S.C. § 727(a)(4)(A), George A. Georges ("Mr. Georges") sought the dismissal of the bankruptcy petition filed by his ex-wife, Jean D. Georges ("Ms. Georges"). After a hearing, the Bankruptcy Court entered judgment for Ms. Georges, finding that Mr. Georges had failed to show that Ms. Georges had committed an act of fraud with the actual intent to hinder, delay, or defraud a creditor or officer of the estate when she filed her petition, schedules, and related pleadings. The District Court affirmed.

Our review of the decision of the District Court is plenary. In re Trans World Airlines, Inc., 145 F.3d 124, 130 (3d Cir. 1998). Like the District Court, we review the Bankruptcy Court's legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse. In re Engel, 124 F.3d 567, 571 (3d Cir. 1997).

In this appeal, Mr. Georges contends that, contrary to the finding of the Bankruptcy Court, he satisfied his burden of proof. Alternatively, he argues that if he did not adduce sufficient evidence, his failure was due to the Bankruptcy Court's refusal to allow him to cross-examine Ms. Georges' counsel for the purpose of showing that counsel's advice to Ms. Georges was intended to defraud him. We disagree on both points.

First, we agree with the Bankruptcy Court that Mr. Georges did not satisfy his

burden of proof. Section 727(a)(4)(a) of the Bankruptcy Code provides, in pertinent part, that the court shall grant a debtor a discharge unless the debtor "knowingly and fraudulently, in or in connection with a case[,] made a false oath or account." 11 U.S.C. § 727(a)(4)(a). The party objecting to discharge has the burden of proof by a preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 289-90 (1991); Fed. R. Bankr. P. 4005. The objecting party must prove an "actual intent on the part of the bankrupt to hinder, delay, and defraud his creditors." In re Topper, 229 F.2d 691, 692 (3d Cir. 1956) (citation and internal quotations omitted). "[T]he advice of counsel may provide an excuse for an inaccurate or false oath." Id. at 693.

Here, the evidence in the record is sufficient to support the Bankruptcy Court's finding that there was insufficient evidence to show that Ms. Georges had an actual intent to hinder, delay and defraud her creditors. There was evidence that Ms. Georges omitted marital property from her schedules in reliance on the advice of her bankruptcy attorney. App. 42. The evidence in the record also showed that the Chapter 7 Trustee in her case was made aware of the fact that she had failed to list the marital property but that the Trustee told her that she had properly listed her property. As a result the Trustee did not require Ms. Georges to amend her schedules. App. 33-35. Viewing all of the relevant evidence, we see no basis for overturning the finding of the Bankruptcy Court.

We also reject Mr. Georges' argument that the Bankruptcy Court improperly precluded him from cross-examining Ms. Georges' attorney about the legal advice he had

3

given to his client. Under our rules, the Appellant's brief was required to contain "a designation by reference to specific pages of the appendix or place in the proceedings at which each issue on appeal was raised, objected to, and ruled upon." LAR 28.1(a)(1). In this case, Appellant's brief identifies App. 75-76 as the place in the record where this objection was raised and ruled upon. After reviewing that portion of the Appendix and the remainder of the Appendix, we hold that no valid objection to the Bankruptcy Court's handling of this matter was preserved.

At the hearing, Mr. Georges, during his cross-examination of Ms. Georges, offered into evidence a letter written in 2000 to Ms. Georges by her attorney, Mr. Hess, in which the attorney expressed personal animosity toward Mr. Georges. App. 68. During a colloquy with Mr. Georges, the Bankruptcy Court questioned the relevance of the letter, since Mr. Georges' complaint was based on Ms. Georges' omission of certain property from her schedules and the schedules were completed before Mr. George and Mr. Hess first met. See App. 68, 72. The Bankruptcy Court also noted that Mr. Georges had not averred in his complaint that "counsel for [his] ex-wife ha[d] done anything to aid her fraud or concealment or anything else." App. 70. Nevertheless, the Bankruptcy Court admitted the letter. App. 75. The following exchange then occurred:

> MR. GEORGES: Your Honor, I'd like to call Mr. Hess to the stand.
> THE COURT: I don't know if I'm going to allow that. Do you have any final questions of your ex-wife?

App. 75-76.

Neither party's brief suggests that Mr. Georges did anything further to call Mr. Hess to the stand or that the Bankruptcy Court ever revisited the question.  Nor is there anything additional in the Appendix that bears on this matter.  Under these circumstances, we must reject Mr. Georges' argument.  The Bankruptcy Judge was certainly entitled to question Mr. Georges about his basis for seeking to call his ex-wife's attorney to the stand, and in the exchange quoted above, the Bankruptcy Court did not rule definitively on the question but merely stated that he did not know whether he would allow Mr. Georges to call Mr. Hess.  We cannot overturn the decision of the Bankruptcy Court on such a record.

For the foregoing reasons, we will affirm the order.