

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2005

# In Re: Georges

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2252

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Georges " (2005). *2005 Decisions.* Paper 222.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/222

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2252
_____

IN RE: *JEAN D. GEORGES,
Debtor

GEORGE A. GEORGES,
Appellant

V.

JEAN D. GEORGES

BARRY A. SOLODKY, ESQ.,
Trustee

*(Amended per Clerk's order dated 7/15/05)

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 04-cv-06070)
District Judge: Honorable Clarence C. Newcomer
_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2005

BEFORE: SLOVITER, SMITH and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed November 16, 2005)

_____

OPINION

_____

PER CURIAM

Appellant George Georges, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania affirming an order of the United States Bankruptcy Court. For the reasons that follow, we will affirm.

George and Jean Georges married in 1988. They separated in 1996, and have been involved in protracted divorce proceedings. In 1998, Ms. Georges filed a Chapter 7 bankruptcy petition. Mr. Georges moved to dismiss the petition, arguing that Ms. Georges committed fraud by not listing all of her assets and income in the schedules to her petition. The Bankruptcy Court denied the motion. In C.A. No. 04-3423, this Court affirmed an order of the District Court affirming the Bankruptcy Court's order.

Mr. Georges filed a second motion to dismiss the bankruptcy petition. He argued that any discharge Ms. Georges receives will interfere with the discharge he was granted in his own bankruptcy case, and that Ms. Georges seeks to take property that belongs to him. In his brief in support of his motion, he also made an argument regarding whether property exists that constitutes alimony or support for purposes of the statutory exceptions to a discharge. The Bankruptcy Court held that these arguments are not relevant to a motion to dismiss under 11 U.S.C. § 707(a), and that Mr. Georges had not established "cause" to dismiss the petition. The District Court affirmed.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 158(d). Our review of the District Court's decision is plenary. In re Trans World Airlines, Inc., 145

2

F.3d 124, 130 (3d Cir. 1998).  Like the District Court, we review the Bankruptcy Court's legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof.  Id. at 131.

As recognized by the District Court, under § 707(a), a bankruptcy judge may dismiss a Chapter 7 bankruptcy case "only for cause."  11 U.S.C. § 707(a).  Although not exhaustive, the statutory definition of "cause" includes (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of certain fees and charges required by statute; and (3) failure of the debtor in a voluntary case to timely file certain information required by statute, but only on a motion by the United States trustee.  Id.

In his brief, Mr. Georges argues that Ms. Georges' petition should be dismissed because she committed fraud by misrepresenting her assets.  This was the subject of Mr. Georges' first motion to dismiss, and we have already rejected this argument in his appeal of the denial of that motion.  Mr. Georges also argues that the Bankruptcy Court did not allow him to present the testimony of Ms. Georges at the hearing on his motion to dismiss.  The record reflects that, at the hearing, the Bankruptcy Court advised Mr. Georges to explain in his brief why testimony supporting his motion to dismiss would be necessary.  Mr. Georges did so, but the Bankruptcy Court disagreed.  We find no abuse of discretion on the part of the Bankruptcy Court in declining to hear testimony before deciding the motion to dismiss.

Mr. Georges has not established "cause" to dismiss Ms. Georges' bankruptcy

petition. Accordingly, we will affirm the order of the District Court that affirmed the

Bankruptcy Court's order.